UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
**BARTIZAN CONNECTS, LLC**,

                *Plaintiff,*

            -against-

**MAGED MOHAMED and
TECHNEAT, INC.**,

                *Defendants.*
--------------------------------------------------------X

       **08-CV-03368 (RJS) (JCF)**
           ECF Case

       **ANSWER
       WITH DEFENSES
       AND JURY DEMAND**

       Defendants Maged Mohamed ("Mohamed") and Techneat, Inc. ("Techneat") (jointly, "defendants"), by their attorneys, Law Office of Steven Cohn, P.C., answering the complaint of plaintiff Bartizan Connects, LLC ("plaintiff"), respectfully allege as follows:

## ADMISSIONS AND DENIALS

       1.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 and refer all issues of law to the Court for determination.

       2.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 and refer all issues of law to the Court for determination.

       3.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 and refer all issues of law to the Court for determination.

       4.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 and refer all issues of law to the Court for

determination.

5.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 and refer all issues of law to the Court for determination.

6.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 and refer all issues of law to the Court for determination.

7.     Admit Mohamed is over the age of eighteen (18), admit Mohamed presently resides in New York state, admit Mohamed is presently Techneat's Chief Executive Officer and, except as so admitted, deny the remaining allegations contained in paragraph 7 and aver that Mohamed has never been an employee of plaintiff.

8.     Admit Techneat is a New York corporation and, except as so admitted, deny the remaining allegations contained in paragraph 8 and refer all issues of law to the Court for determination.

9.     Admit Techneat transacted and still transacts business within New York state and, except as so admitted, deny the remaining allegations contained in paragraph 9 and refer all issues of law to the Court for determination.

10.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 and refer all issues of law to the Court for determination.

11.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11.

12.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12.

13.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 and refer all issues of law to the Court for determination.

14.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14.

15.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 and refer all issues of law to the Court for determination.

16.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 and refer all issues of law to the Court for determination.

17.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 and refer all issues of law to the Court for determination.

18.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 and refer all issues of law to the Court for determination.

19.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 and refer all issues of law to the Court for determination.

20.    Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 and refer all issues of law to the Court for determination.

21.    Admit Mohamed was employed by Bartizan Data Systems LLC from in or about April, 1997 to in or about December, 2004 and, except as so admitted, deny the remaining allegations contained in paragraph 21.

22.    Deny the allegations contained in paragraph 22 in the absence of the original document, refer all issues of law to the Court for determination and direct the Court to the original agreement for interpretation.

23.    Deny the allegations contained in paragraph 23 in the absence of the original document, refer all issues of law to the Court for determination and direct the Court to the original agreement for interpretation.

24.    Deny the allegations contained in paragraph 24 and refer all issues of law to the Court for determination.

25.    Admit that, upon termination of his employment, Mohamed "returned" all property of Bartizan Data Systems LLC to the extent, if any, such property was "taken" and, except as so admitted, deny the remaining allegations contained in paragraph 25 and refer all issues of law to the Court for determination.

26.    Deny the allegations contained in paragraph 26 and refer all issues of law to the Court for determination.

27.    Admit that, while employed by Bartizan Data Systems LLC, Mohamed researched and developed software systems and concepts for use in products and services, admit that Mohamed

4

utilized Bartizan Data System LLC's facilities and staff members to develop technology and, except as so admitted, deny the remaining allegation contained in paragraph 27.

28.     Deny the allegations contained in paragraph 28.

29.     Deny the allegations contained in paragraph 29.

30.     Admit that, while employed by Bartizan Data Systems LLC, Mohamed had access to the computer operating system and, except as so admitted, deny the remaining allegations contained in paragraph 30 and refer all issues of law to the Court for determination.

31.     Deny that Mohamed owed a duty to Bartizan Data Systems LLC and deny having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 31 and refer all issues of law to the Court for determination.

32.     Deny the allegations contained in paragraph 32 and refer all issues of law to the Court for determination.

33.     Admit that, while employed by and on behalf of Bartizan Data Systems LLC, Mohamed contacted and interacted with employees of Techneat, Comstar and ITI and, except as so admitted, deny the remaining allegation contained in paragraph 33 and refer all issues of law to the Court for determination.

34.     Deny the allegations contained in paragraph 34 and refer all issues of law to the Court for determination.

35.     Admit that, on or about November 12, 2004, Techneat and Bartizan Data Systems LLC entered into a written agreement, deny the agreement concerned a product of Bartizan Data Systems LLC and, except as so admitted or denied, deny the remaining allegations contained in paragraph 35, refer all issues of law to the Court for determination and direct the Court to the original

agreement for interpretation.

36.    Admit that the agreement was signed by Pascal Abadie ("Abadie") and, except as so admitted, deny the remaining allegations contained in paragraph 36, refer all issues of law to the Court for determination and direct the Court to the original agreement for interpretation.

37.    Deny the allegations contained in paragraph 37 and direct the Court to the original agreement for interpretation.

38.    Deny that Abadie and Mohamed worked closely together on a number of projects while Mohamed was employed by Bartizan Data Systems LLC, deny having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 38 and refer all issues of law to the Court for determination.

39.    Deny the allegations contained in paragraph 39 and refer all issues of law to the Court for determination.

40.    Deny the allegations contained in paragraph 40.

41.    Deny the allegations contained in paragraph 41.

42.    Deny the allegations contained in paragraph 42 and refer all issues of law to the Court for determination.

43.    Admit that, in or about December 2004, Mohamed informed Lewis Hoff ("Hoff") of his intent to move to Canada and, except as so admitted, deny the remaining allegations contained in paragraph 43.

44.    Admit that, in or about December, 2004, Mohamed's employment with Bartizan Data Systems LLC terminated and, except as so admitted, deny the remaining allegations contained in paragraph 44.

45.     Admit that, subsequent to the termination of his employment with Bartizan Data Systems LLC, Mohamed told Hoff about a product being developed and, except as so admitted, deny the remaining allegations contained in paragraph 45.

46.     Admit that, upon information and belief, one or more of Techneat's "products and solutions" may compete with one or more of plaintiff's "products and solutions" and, except as so admitted, deny the remaining allegations contained in paragraph 46 and refer all issues of law to the Court for determination.

47.     Deny the allegations contained in paragraph 47.

48.     Deny the allegations contained in paragraph 48 and refer all issues of law to the Court for determination.

49.     Admit Techneat maintains a website and statements alleged appear on the website and, except as so admitted, deny the remaining allegations contained in paragraph 49 and refer all issues of law to the Court for determination.

50.     Admit the allegations contained in paragraph 50.

51.     Deny the allegations contained in paragraph 51 and refer all issues of law to the Court for determination.

52.     Deny the allegations contained in paragraph 52, refer all issues of law to the Court for determination and direct the Court to the original agreement for interpretation.

53.     Deny the allegations contained in paragraph 53 and refer all issues of law to the Court for determination.

54.     Deny the allegations contained in paragraph 54 and refer all issues of law to the Court for determination.

7

55.     Deny the allegations contained in paragraph 55 and refer all issues of law to the Court for determination.

56.     Deny the allegations contained in paragraph 56 and refer all issues of law to the Court for determination.

57.     Deny the allegations contained in paragraph 57 and refer all issues of law to the Court for determination.

58.     Deny the allegations contained in paragraph 58.

59.     Deny the allegations contained in paragraph 59.

60.     Deny the allegations contained in paragraph 60, refer all issues of law to the Court for determination and direct the Court to the original agreement for interpretation.

**(ANSWERING THE FIRST CAUSE OF ACTION)**

61.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 60, inclusive, as if completely set forth at length hereat.

62.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 and refer all issues of law to the Court for determination.

63.     Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 and refer all issues of law to the Court for determination.

64.     Deny the allegations contained in paragraph 64 and refer all issues of law to the Court for determination.

65.     Deny the allegations contained in paragraph 65 and refer all issues of law to the Court

for determination.

### (ANSWERING THE SECOND CAUSE OF ACTION)

66.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 65, inclusive, as if completely set forth at length hereat.

67.     Deny the allegations contained in paragraph 67 and refer all issues of law to the Court for determination.

68.     Deny the allegations contained in paragraph 65 and refer all issues of law to the Court for determination.

### (ANSWERING THE THIRD CAUSE OF ACTION)

69.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 68, inclusive, as if completely set forth at length hereat.

70.     Deny the allegations contained in paragraph 70 and refer all issues of law to the Court for determination.

71.     Deny the allegations contained in paragraph 71 and refer all issues of law to the Court for determination.

72.     Deny the allegations contained in paragraph 72 and refer all issues of law to the Court for determination.

73.     Deny the allegations contained in paragraph 73 and refer all issues of law to the Court for determination.

### (ANSWERING THE FOURTH CAUSE OF ACTION)

74.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 73, inclusive, as if completely set forth at length hereat.

75.     Deny the allegations contained in paragraph 75 and refer all issues of law to the Court for determination.

76.     Deny the allegations contained in paragraph 76 and refer all issues of law to the Court for determination.

## (ANSWERING THE FIFTH CAUSE OF ACTION)

77.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 76, inclusive, as if completely set forth at length hereat.

78.     Deny the allegations contained in paragraph 78 and refer all issues of law to the Court for determination.

79.     Deny the allegations contained in paragraph 79 and refer all issues of law to the Court for determination.

## (ANSWERING THE SIXTH CAUSE OF ACTION)

80.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 79, inclusive, as if completely set forth at length hereat.

81.     Deny the allegations contained in paragraph 81 and refer all issues of law to the Court for determination.

## (ANSWERING THE SEVENTH CAUSE OF ACTION)

82.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 81, inclusive, as if completely set forth at length hereat.

83.     Deny the allegations contained in paragraph 83, refer all issues of law to the Court for determination and direct the Court to the original agreement(s) for interpretation.

84.     Deny the allegations contained in paragraph 84 and refer all issues of law to the Court

for determination.

85.     Deny the allegations contained in paragraph 85.

### (ANSWERING THE EIGHTH CAUSE OF ACTION)

86.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 85, inclusive, as if completely set forth at length hereat.

87.     Deny the allegations contained in paragraph 87, refer all issues of law to the Court for determination and direct the Court to the original agreement(s) for interpretation.

88.     Deny the allegations contained in paragraph 88, refer all issues of law to the Court for determination and direct the Court to the original agreement(s) for interpretation.

### (ANSWERING THE NINTH CAUSE OF ACTION)

89.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 88, inclusive, as if completely set forth at length hereat.

90.     Deny the allegations contained in paragraph 90 and refer all issues of law to the Court for determination.

91.     Deny the allegations contained in paragraph 91.

92.     Deny the allegations contained in paragraph 92 and refer all issues of law to the Court for determination.

93.     Deny the allegations contained in paragraph 93 and refer all issues of law to the Court for determination.

94.     Deny the allegations contained in paragraph 94 and refer all issues of law to the Court for determination.

95.     Deny the allegations contained in paragraph 95 and refer all issues of law to the Court

for determination.

96.    Deny the allegations contained in paragraph 96 and refer all issues of law to the Court for determination.

97.    Deny the allegations contained in paragraph 97 and refer all issues of law to the Court for determination.

98.    Deny the allegations contained in paragraph 98, refer all issues of law to the Court for determination and direct the Court to the original agreement for interpretation.

99.    Admit that Mohamed is Techneat's Chief Executive Officer and, except as so admitted, deny the remaining allegations contained in paragraph 99 and refer all issues of law to the Court for determination.

## DEFENSES

### AS AND FOR A FIRST DEFENSE

100.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 99, inclusive, as if completely set forth at length hereat.

101.    Pursuant to 17 U.S.C. § 102(b), in no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

102.    Upon information and belief, some or all of plaintiff's copyrights are invalid.

103.    Accordingly, upon information and belief, some or all of plaintiff's copyright infringement and reverse engineering claims or causes of action fail to state a claim or cause of action upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

104.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 103, inclusive, as if completely set forth at length hereat.

105.    Upon information and belief, the actual processes or methods embodied in some or all of plaintiff's works are not within the scope of copyright law.

## AS AND FOR A THIRD DEFENSE

106.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 105, inclusive, as if completely set forth at length hereat.

107.    Copyright protection extends only to original authorship.

108.    Upon information and belief, some or all of plaintiff's works are not original.

## AS AND FOR A FOURTH DEFENSE

109.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 108, inclusive, as if completely set forth at length hereat.

110.    Upon information and belief, plaintiff copied some or all of the works from the public domain.

111.    Therefore, copyright protection does not extend to some or all of plaintiff's works.

## AS AND FOR A FIFTH DEFENSE

112.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 111, inclusive, as if completely set forth at length hereat.

113.    Upon information and belief, some or all of plaintiff's copyright infringement claims or causes of action are barred, in whole or in part, by the merger doctrine.

## AS AND FOR A SIXTH DEFENSE

13

114.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 113, inclusive, as if completely set forth at length hereat.

115.    Upon information and belief, some or all of plaintiff's copyright infringement claims or causes of action are barred, in whole or in part, by the *scenes a faire* doctrine.

## AS AND FOR A SEVENTH DEFENSE

116.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 115, inclusive, as if completely set forth at length hereat.

117.    Some or all of plaintiff's copyright infringement claims or causes of action are barred, in whole or in part, by the fair use doctrine.

## AS AND FOR AN EIGHTH DEFENSE

118.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 117, inclusive, as if completely set forth at length hereat.

119.    Upon information and belief, some or all of plaintiff's reverse engineering claims or causes of action are barred, in whole or in part, by the fair use doctrine.

## AS AND FOR A NINTH DEFENSE

120.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 119, inclusive, as if completely set forth at length hereat.

121.    At all relevant times, plaintiff was aware of the alleged conduct it now complains of and yet acted in a way that caused or induced defendants to reasonably rely upon such action to their detriment.

122.    Accordingly, some or all of plaintiff's copyright infringement claims or causes of action are barred, in whole or in part, by the doctrine of equitable estoppel.

14

## AS AND FOR A TENTH DEFENSE

123.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 122, inclusive, as if completely set forth at length hereat.

124.    At all relevant times, plaintiff was aware of the alleged conduct it now complains of and yet acted in a way that caused or induced defendants to reasonably rely upon such action to their detriment.

125.    Accordingly, some or all of plaintiff's reverse engineering claims or causes of action are barred, in whole or in part, by the doctrine of equitable estoppel.

## AS AND FOR AN ELEVENTH DEFENSE

126.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 125, inclusive, as if completely set forth at length hereat.

127.    Plaintiff is barred from recovering an award of statutory damages or of attorney's fees, as provided by 17 U.S.C. §§ 504 and 505, for any infringement of copyright in an unpublished work commenced before the effective date of its registration.

## AS AND FOR A TWELFTH DEFENSE

128.    Defendants repeat and realleges each and every allegations contained in above paragraphs 100 through 127, inclusive, as if completely set forth at length hereat.

129.    Plaintiff is barred from recovering an award of statutory damages or of attorney's fees, as provided by 17 U.S.C. §§ 504 and 505, for any infringement of copyright commenced after first publication of the work and before the effective date of its registration unless such registration was made within three (3) months after the first publication of the work.

## AS AND FOR A THIRTEENTH DEFENSE

130.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 129, inclusive, as if completely set forth at length hereat.

131.     Upon information and belief, there is no "substantial similarity" between any of plaintiff's copyrighted works and those of Techneat's products that plaintiff alleges infringes plaintiff's works.

## AS AND FOR A FOURTEENTH DEFENSE

132.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 131, inclusive, as if completely set forth at length hereat.

133.     Some or all of plaintiff's copyright infringement claims or causes of action are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A FIFTEENTH DEFENSE

134.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 133, inclusive, as if completely set forth at length hereat.

135.     Some or all of plaintiff's copyright infringement claims or causes of action are barred, in whole or in part, by the doctrine of laches and unreasonable delay.

## AS AND FOR A SIXTEENTH DEFENSE

136.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 135, inclusive, as if completely set forth at length hereat.

137.     Some or all of plaintiff's reverse engineering claims or causes of action are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SEVENTEENTH DEFENSE

138.     Defendants repeat and realleges each and every allegations contained in above

paragraphs 1 through 137, inclusive, as if completely set forth at length hereat.

139.   Some or all of plaintiff's reverse engineering claims or causes of action are barred, in whole or in part, by the doctrine of laches and unreasonable delay.

## AS AND FOR AN EIGHTEENTH DEFENSE

140.   Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 139, inclusive, as if completely set forth at length hereat.

141.   Some or all of plaintiff's trade secret misappropriation claims or causes of action are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A NINETEENTH DEFENSE

142.   Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 141, inclusive, as if completely set forth at length hereat.

143.   Some or all of plaintiff's unfair competition claims or causes of action are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TWENTIETH DEFENSE

144.   Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 143, inclusive, as if completely set forth at length hereat.

145.   Some or all of plaintiff's breach of contract claims or causes of action are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TWENTY-FIRST DEFENSE

146.   Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 145, inclusive, as if completely set forth at length hereat.

147.   Some or all of plaintiff's common law unfair competition under state law claims or

causes of action are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TWENTY-SECOND DEFENSE

148.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 147, inclusive, as if completely set forth at length hereat.

149.    Some or all of plaintiff's breach of fiduciary duty claims or causes of action are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TWENTY-THIRD DEFENSE

150.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 149, inclusive, as if completely set forth at length hereat.

151.    Some or all of plaintiff's breach of employment agreement claims or causes of action are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TWENTY-FOURTH DEFENSE

152.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 151, inclusive, as if completely set forth at length hereat.

153.    Some or all of plaintiff's tortious or unlawful interference with business relations claims or causes of action are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TWENTY-FIFTH DEFENSE

154.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 153, inclusive, as if completely set forth at length hereat.

155.    To the extent plaintiff's complaint purports to allege claims or causes of action for tortious or unlawful interference with contractual relations, such claims or causes of action are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TWENTY-SIXTH DEFENSE

156.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 155, inclusive, as if completely set forth at length hereat.

157.     Some or all of plaintiff's claims or causes of action for conspiracy to misappropriate trade secrets or confidential trade information are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TWENTY-SEVENTH DEFENSE

158.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 157, inclusive, as if completely set forth at length hereat.

159.     To the extent plaintiff's complaint purports to allege claims or causes of action for conspiracy or civil conspiracy, such allegations fail to state a claim or cause of action upon which relief can be granted.

## AS AND FOR A TWENTY-EIGHTH DEFENSE

160.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 159, inclusive, as if completely set forth at length hereat.

161.     To the extent plaintiff's complaint purports to allege claims or causes of action for conversion, such claims or causes of action are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TWENTY-NINTH DEFENSE

162.     Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 161, inclusive, as if completely set forth at length hereat.

163.     Upon information and belief, plaintiff is not the author of some or all of the original

works for which plaintiff claims copyright protection.

164.    Upon information and belief, plaintiff did not acquire any right to or interest in some or all of the original works for which plaintiff claims copyright protection.

165.    Upon information and belief, plaintiff is not a successor in interest or assignee or have any other legal interest in some or all of the original works for which plaintiff claims copyright protection.

166.    Accordingly, upon information and belief, some or all of plaintiff's copyrights are invalid.

## AS AND FOR A THIRTIETH DEFENSE

167.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 166, inclusive, as if completely set forth at length hereat.

168.    Upon information and belief, plaintiff did not acquire any right to or interest in some or all of the claims or causes of action alleged in its complaint.

169.    Upon information and belief, plaintiff is not a successor in interest or assignee or have any other legal interest in some or all of the claims or causes of action alleged in its complaint.

170.    Upon information and belief, plaintiff is not the real party in interest and, therefore, cannot maintain this action.

## AS AND FOR A THIRTY-FIRST DEFENSE

171.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 170, inclusive, as if completely set forth at length hereat.

172.    Upon information and belief, plaintiff lacks the legal capacity, in whole or in part, to maintain this action.

## AS AND FOR A THIRTY-SECOND DEFENSE

173.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 172, inclusive, as if completely set forth at length hereat.

174.    Upon information and belief, plaintiff lacks standing, in whole or in part, to maintain this action.

## AS AND FOR A THIRTY-THIRD DEFENSE

175.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 174, inclusive, as if completely set forth at length hereat.

176    Upon information and belief, plaintiff's right to or interest in some or all of the original works for which plaintiff claims copyright protection were given up, waived, forfeited, released or otherwise disposed of by reason of bankruptcy.

## AS AND FOR A THIRTY-FOURTH DEFENSE

177.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 176, inclusive, as if completely set forth at length hereat.

178.    There is another action pending between the same parties for some or all of the same claims or causes of action in the Supreme Court, Westchester County.

179.    By reason of the prior pending action, this action, or certain claims or causes of action thereof, should be dismissed.

## AS AND FOR A THIRTY-FIFTH DEFENSE

180.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 179, inclusive, as if completely set forth at length hereat.

181.    Assuming, without admitting, defendants infringed one or more of plaintiff's

copyrights, such infringement was innocent rather than willful.

182.    By reason of the foregoing, upon information and belief, some or all of the monetary damages sought by plaintiff in the complaint are barred or limited.

183.    By reason of the foregoing, upon information and belief, plaintiff is not entitled to some or all of the equitable remedies sought in the complaint.

## AS AND FOR A THIRTY-SIXTH DEFENSE

184.    Defendants repeat and realleges each and every allegations contained in above paragraphs 1 through 183, inclusive, as if completely set forth at length hereat.

185.    Assuming, without admitting, defendants infringed one or more of plaintiff's copyrights, such infringement was contributory and/or vicarious in nature rather than direct.

186.    By reason of the foregoing, upon information and belief, defendants may not be held liable for some or all of the damages sought by plaintiff in the complaint.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, defendants demand a trial by jury of any issue triable of right by a jury.

**WHEREFORE**, defendants ask this Court to dismiss the complaint and enter judgment in favor of defendants, together with an award of reasonable attorneys' fees and the costs and disbursements of this action.

Dated: Carle Place, New York
          June 23, 2008

                                        Law Office of STEVEN COHN, P.C.

                              By:     s/_____
                                        Steven Cohn, Esq. (SC 2809)
                                        Attorneys for *defendants*
                                        Maged Mohamed and Techneat, Inc.
                                        1 Old Country Road, Suite 420
                                        Carle Place, New York 11514
                                        (516) 294-6410
                                        scohn@scohnlaw.com

TO:     WYATT, GERBER & O'ROURKE
          Attorneys for *plaintiff*
          Bartizan Connects, LLC
          99 Park Avenue
          New York, New York 10016
          (212) 681-0800